IN THE CIRCUIT COURT OF COLLIER COUNTY, FLORIDA
FOR THE 20TH DISTRICT OF COLLIER
CRIMINAL FRAUDS DIVISION

GARRETT FX BEYRENT  )
                    )
v.s.                )  NO. 2:23-CV-920-JLB-KCD
                    )
HARRISON HUBSCHMAN  )
SAMUEL HUBSCHMAN    )
TERYL BRZESKI,      )
PAWEL BRZESKI       )

## CRIMINAL COMPLAINT

COMES NOW BEYRENT, Plaintiff in the above styled cause, by and through counsel, and files this civil action against ABOVE, Defendants and in support thereof would show the following:

### PARTIES

1.

Plaintiff, BEYRENT (hereinafter "BEYRENT"), is a INDIGENT 75 YEAR OLD WHITE MALE LIVING AT 826 WIGGINS PASS RD #317 with its principal place of business at NAPLES, FL County, COLLIER FL 34110 HE HAS BEEN INDIGENT SINCE HIS FAMILY MEMBERS CREATED THE TRUSTS.

2.

Defendant, HARRISON HUBSCHMAN AND adults residents of COLLIER TERYL AND PAWEL BRZESK, SAMUEL HUBSCHMAN County, FL, who may be served with process at his residence IN NAPLES, FLORIDA HAND DELIVERED TO THE DEFENDANTS MAIL BOXES. THIS CHRIMINAL FRAUD LAWSUIT THEY COLLECTIVELY VIOLATED STATE CRIMINAL FRAUD STATUTE 817, 5695, FS AMENDS 921, OR 22 ABUSE OF AN ELDERLY PERSON OR DISABLED ADULT, THESE ACTIONS WERE COMMITTED OVER A PERIOD OF TIME BEGINNING IN 1986 AND STILL ARE GOING ON TO THIS DAY AND SINCE THE PASSING OF THE FAMILY PATRIARCHS SIDNEY AND CONNIE HUBSCHMAN, THE ABOVE DEFENDANTS HAVE MANIPULATED THE MULTIPLE FAMILY "TRUSTS" BY SELLING VARIOUS LANDTRACTS IN BOTH COLLIER AND LEE COUNTY WITHOUT THE KNOWLEDGE OR APPROVAL OF PLAINTIFF KEEPING THE MONEYS GENERATED FOR THEMSELVES. TO USE ON TRUST PROPERTIES WITH THEIR OWN INTEREST

PAGE 1

SAMUEL HUBSCHMAN, TERYL H. BRZESKI, PAWEL BRZESKI HARRISON HUBSCHMAN, AND ALBERT HUBSCHMAN, NOW DEAD

ALL Violated Florida State Statute CRIMINAL AS AMENDED 817.5695 Amended 921.0022 Exploitation of an Elderly Person Or Disabled Adult. These actions were committed over a period of several years extending from 1986 and are still continuing as of the date of this filing of this complaint. I, BEYRENT, as the Plaintiff, does hereby charge that ALL ABOVE as DEFENDANTS while working for BEYRENTS ex wife TERYL HUBSCHMAN BEYRENT BRZESKI, did willfully interfere with multiple real estate transactions BEYRENT was and still is engaged in in both Collier and LEE County Florida. ILLEGALLY with DEFENDANT co conspirator PAWEL BRZESKI, current husband of TERYL HUBSCHMAN BEYRENT BRZESKI has misappropriated funds from our properties as noted by our accounting firm Strauss, De Angerio and Neuman who informed us that HUBSCHMAN diverted over 78 MILLION worth of $ from our Bonita Sand Company and continues to obstruct the sale of our Taormina, Pine Ridge Corners, and Magnolia Pond Planned Unit Developments. HARRIS AND HUBSCHMAN has claimed to land purchasers that he owns the current property known as TAORMINA and controls it for a corporation known as Highland Properties of Lee and Collier County. This land of nearly 82 acres was in a pending divorce trial when it was fraudently removed and renamed from Hubschman and Associates Partnership to Highland Properties. Beyrent, as Plaintiff, alleges FRAUD as Defendant used coercion upon Plaintiff BEYRENTS elderly infirmed family members who are currently either deceased or infirmed as the suffer from total blindless, heart disease, and Non Hodgekins Lympoma. Beyrent, as Plaintiff, has not scene either of his brother in laws since the suicide of his brother in law Albert Hubschman several years ago. Most recently, Plaintiff HUBSCHMAN Was sited by Collier County Code Enforcement for Noise and Airpolution on the Taormina site and has threaten government agents claiming HE personally plans to build 5 story rental apartments on the property which is directly against established land development codes. This Flamboyant and aggressive ACTIONS caused Plaintiff BEYRENT over $64,500.000. MILLION in losses. Beyrent, as Plaintiff demands that all properties acquired since the early 1980's be sold immediately by the Collier County Courts after they are appraised at the claimed owners expense. BEYRENT, AS PLANTIFF, LAST YEAR DISCOVERED THAT HARRISON HUBSCHMAN, AFTER CHANGING THE NAME AND LOCATION OF OUR BONITA SPRINGS MINE OF WHICH BEYRENT AS PLAINTIFF, OWNING 20%, FOR SOME SEVENTY EIGHT MILLION DOLLARS. DIVIDING THE PROFITS TO HIS SISTER TERYL BRZESKI AND HER BROTHERS SAMUEL HUBSCHMAN + ALBERT HUBSCHMAN NOW DECEASED. TWO WEEKS AGO MAY 23, 2023 HUBSCHMAN ADMITTED THE $78,000,000 HAD COME FROM A BANK IN THE GREATER AND LESSER ANTILLES THAT LAUNDERED DRUG MONEY. HE FURTHER STATED STATUTE OF LIMITATIONS PREVENTED MY OBJECTIONS, AS HE DID THIS SOME 25 YEARS AGO

PAGE 2

I INFORMED THE PLAINTIFF THAT THIS AND OTHER PROPERTIES HE AND THE OTHER TWO DEFENDANTS SOLD WERE RECENTLY SOLD FOR $800,000 DOLLARS. THIS WAS THE BONITA MINE WHICH WHILE IN DEBT IN 2005 FOR SOME $14,000,000 (MILLION) HAD SOLD LAST YEAR FOR $800 (THOUSAND) WHICH WAS "RED FLAGGED BY BROKER'S AT "FLORIDA LAND SOLUTIONS WHICH MONOTORS SALES INVOLVING POSSIBLE LAUNDERED DRUG BANKS.

THE MINE SALE WHICH IS CURRENTLY UNDER POSSIBLE INVESTIGATION BY THE U.S. TREASURY AS HUBSCHMAN ADMITTED TO THE PLAINTIFF BEYRENT THAT WHILE THE MINE WAS DEEP IN DEBT OF SOME $14,000,000 (MILLION) IT HAD BEEN SOLD AGAIN FOR $800,000 (THOUSAND) DESPITE HIM SELLING IT FOR $78 MILLION SAYING TOO MUCH TIME HAD PASSED FOR THE U.S. GOVERNMENT TO FILE MONEY LAUNDERING CHARGES, HARRISON HUBSCHMANS EXACT WORDS TO ME 12 WEEKS AGO ON MAY 23, 2023 IN A PHONE CONVERSATION WERE "THE TIME FOR PROSECUTION OF THIS TRANSACTION HAD RUN OUT AS IT WAS NEARLY 20 YEARS AGO". WHEN I NOTED THAT AS WE, THE FAMILY, OF GLADES INC, AND HUBSCHMAN AND ASSOC. HAD BEEN IN BUSINESS IN LAND DEVELOPMENT AND MINING SINCE 1971. THAT WE FELL UNDER THE R.I.C.O. ACT, HE IMMEDIATELY HUNG UP THE PHONE. THIS WAS ON MAY 23, 2023 AT APROX. 4PM EST

THIS WAS AN INTERESTING EPISODE AS IN 2005, AFTER PROFITING OVER $20 MILLION ON THE BONITA MINE SALE, HARRISON'S SISTER TERYL BRZESKI, AS WELL RECIEVING $20 MILLION, TERYL "TURNED DOWN" THE SALE OF THE PLAINTIFF, GARRETT BEYRENTS CONTRACT TO SELL HIS MAGNOLIA POND PUD TO TOLL BROS. FOR SOME $21 MILLION CLAIMING SHE WANTED "MORE MONEY" GARRETT OWNED 83% OF THE MAGNOLIA POND PUD WITH TERYL BRZESKI AND HER NEW HUSBAND OWNING ONLY 17%. AS SHE HAD JUST MADE $20 MILLION ON THE MINE SALE, ANOTHER $20 MILLION SALE WOULD CERTAINLY BE RED FLAGGED

PAGE 3

AS PLAINTIFF, I GARRETT BEYRENT, HAD BEEN LIVING AND STILL LIVE IN SQUALOR. I HAVE BEEN LIVING ON MY SS ($27,500) + VA 265. MONTH AFTER BUILDING UP A MULTI MILLION DOLLAR CORPORATION OVER SOME TWENTY YEARS. MY FORMER WIFE OF 20 YEARS, DEFENDANT TERYL BRZESKI REFUSED TO CONTINUE IN THE DEVELOPMENT BUSINESS UNLESS THE PRESIDENT, SAMUEL HUBSCHMAN, DISSOLVE THE PARENT CORPORATION, GLADES INC, AND FIRED ME. I WAS PAID $50,000 AND LET GO IN 1989. THE TWO DEVELOPMENT ENTITIES HUBSCHMAN + ASSOCIATES AND GLADES INC. HAD FUNCTIONED AS A TANDEM OPERATION WITH HUB. ASS SUPPLYING RAW AGRICULTURAL UNZONED PROP. TO BE REZONED TO MULTIFA FAMILY, WITH PLAINTIFF BEYRENT ACTING AS THE REGISTERED RE BROKER FAMILY BROKER BUT RECIEVING NO REAL ESTATE TRANSACTION COMMIISSIONS, NEITHER IN PURCHASING OR SELLING PROPERTIES OF THE ENTITIES AND FAMILY MEMEMBERS. PLAINTIFF BEYRENT ALSO WORKED TO ASSEMBLE LARGER TRACTS OF LAND FOR DEVELOPMENT AND ACQUIRED ALL EASEMENTS FOR THE TWO MILE ROAD AND BRIDGE TO ACCESS THE BONITA MINE IN 2021, WHILE DEFENDANT TERYL BRZESKI AND HER HUSBAND PAWEL HAD REFUSED TO SELL MP FOR 21 MILLION SOLD IT WITHOUT PLAINTIFF BEYRENTS KNOWLEDG FOR $7,500 ( PAGE 4 $7,500 MILLION ON FIVE HUND THOUSAND) EVEN THOUGH PLAINTIFF BRZESKI HAD HAD KEPT ALL THE PRO CEEDS FROM SALE

violated Florida State Statute         Exploitation of an Elderly Person Or Disabled Adult.These actions were committed over a period of several years extending from 1986 and are still continuing as of the date of this filing of this complaint.I , BEYRENT,as the Plaintiff,do hereby charge that           . as DEFENDANT, while working for BEYRENTS ex wife TERYL HUBSCHMAN BEYRENT BRZESKI,did willfully interfere with multiple real estate transactions BEYRENT was and still is engaged in in both Collier and LEE County Florida.           with his co conspirator PAWEL BRZESKI, current husband of TERYL HUBSCHMAN BEYRENT BRZESKI has misappropriated funds from our properties as noted by our accounting firm Strauss, De Angerio and Neuman who informed us that ·           had diverted over         ; worth of fill from our Bonita Sand Company and continues to obstruct the sale of our Taormina, Pine Ridge Corners, and Magnolia Pond Planned Unit Developments.           has claimed to land purchasers that he owns the current property known as TAORMINA and controls it for a corporation known as Highland Properties of Lee and Collier County.This land of nearly 82 acres was in a pending divorce trial when it was fraudently removed and renamed from Hubschman and Associates Partnership to Highland Properties.Beyrent, as Plaintiff, alleges           . as Defendant used coercion upon Plaintiff BEYRENTS elderly infirmed family members who are currently either deceased or Infirmed as the suffer from total blindless, heart disease, and Non Hodgekins Lympoma. Beyrent, as Plaintiff, has not scene either of his brother in laws since the suicide of his brother in law Albert Hubschman several years ago. Most recently, Plaintiff ' was sited by Collier County Code Enforcement for Noise and Airpolution on the Taormina site and has threaten government agents claiming HE personally plans to build 5 story rental apartments on the property which is directly against established land development codes.This Flamboyant and aggressive caused Plaintiff BEYRENT over $ 64,500.000. In losses. Beyrent, as Plaintiff demands that all properties acquired since the early 1980's be sold immediately by the Collier County Courts after they are appraised at the claimed owners expense.

## FAMILY OWNER HISTORY 1962-2023

| | |
|---|---|
| SIDNEY M. HUBSCHMAN | CONSTANCE M. HUBSCHMAN |
| SAMUEL HUBSCHMAN | LAURIE HUBSCHMAN |
| TERYL HUBSCHMAN | GARRETT FX BEYRENT |
| HARRISON HUBSCHMAN | SUSAN HUBSCHMAN |
| ALBERT HUBSCHMAN | DECEASED INTESTATE |

PARTY WHO CLAIMED HE COMMITTED FRAUD WAS HARRISON HUBSCHMAN IN A PHONE CONVERSATION WITH PLAINTIFF BEYRENT AT 4:30 PM MAY 23, 2023 EST ON MONTH OF OCTOBER, ON THE FIRST. THIS ACTION ADMISSION ACKNOWLEDGE HIS OFFENCE IS NOW CRIMINAL, VIOLATING 817,5695,F.S. AMENDING STATUTE 921,0022 EFFECTIVE OCT.1, 2023

PAGE 5



## Collier County

**COLLIER COUNTY GOVERNMENT**  
**GROWTH MANAGEMENT DIVISION**  
www.colliergov.net

2800 NORTH HORSESHOE DRIVE  
NAPLES, FLORIDA 34104  
(239) 252-2400 FAX: (239) 252-6358

### DISCLOSURE OF INTEREST INFORMATON

Please complete the following information, if space is inadequate use additional sheets and attach to the completed application packet.

/ a. If the property is owned fee simple by an <u>INDIVIDUAL</u>, tenancy by the entirety, tenancy in common, or joint tenancy, list all parties with an ownership interest as well as the percentage of such interest:

| Name and Address | % of Ownership |
|---|---|
| Garrett F.X. Beyrent | 83.5% |
| Teryl Brzeski | 5% |
| Nora and Gabriel Beyrent | 10.5% |
|  |  |
|  |  |

b. If the property is owned by a <u>CORPORATION</u>, list the officers and stockholders and the percentage of stock owned by each:

| Name and Address | % of Ownership |
|---|---|
| NA |  |
|  |  |
|  |  |
|  |  |
|  |  |

c. If the property is in the name of a <u>TRUSTEE</u>, list the beneficiaries of the trust with the percentage of interest:

| Name and Address | % of Ownership |
|---|---|
| NA |  |
|  |  |
|  |  |
|  |  |
|  |  |

d. If the property is in the name of a <u>GENERAL</u> or <u>LIMITED PARTNERSHIP</u>, list the name of the general and/or limited partners:

| Name and Address | % of Ownership |
|---|---|
| NA |  |
|  |  |
|  |  |

6/3/2014


PAGE 6

Page 3 of 10

OUTLINE OF ONE OF MANY FRAUDS. WHILE PLAINTIFF OWNED 83.5% OF THE MAGNOLIA POND PUD, TERYL BRZESKI TO SELL IT FOR $21,000,000 TO TOLL BROS IN 2004 AND SOLD IT FOR $7,500,000 TO HABITAT FOR HUMANITY AND GAVE NOTHING TO PLAINTIFF

New Florida laws include legislation on criminal justice, community affairs and housing. JOE RONDONE/TALLAHASSEE DEMOCRAT

# New criminal justice statutes include potential death penalty for child rape

**Brandon Girod**
Sarasota Herald-Tribune
USA TODAY NETWORK – FLORIDA

Floridians saw nearly 40 new laws go into effect on Oct. 1 including major legislation that will impact criminal justice, community affairs and housing laws.

One of the biggest new laws, HB 1297, allows judges to impose the death penalty when sentencing people convicted of the rape of a child age 12 or under.

Another law, SB 170, puts local governments on the hook for attorney fees when ordinances are deemed "arbitrary or unreasonable."

Here's a quick look at each of the new laws that went into effect on Oct. 1.

## Criminal justice

● **HB 67 / SB 174: Protection of specified personnel** — Requires violation to be committed with specified intent; prohibits specified threats against justice, judicial assistant, clerk of court, or clerk personnel or family member of such person; prohibits specified harassment of certain personnel with intent to intimidate or coerce such person to perform or refrain from performing lawful duty.

● **SB 232 / HB 603: Exploitation of vulnerable persons** — Specifying conditions under which a person commits exploitation of a person 65 years of age or older; providing criminal penalties for violations of the act; specifying that not knowing the age of a victim is not a defense to such crime; authorizing persons who are in imminent danger of exploitation to petition for an injunction for protection; providing time limitations for commencing prosecution for violations of the act, etc.

● HB 319 / SB 70 of interference with sporting or entertainment events — Prohibits certain actions during covered sporting & entertainment events; prohibits profiting from violations; provides for seizure & forfeiture of specified assets.

● **HB 329 / SB 496 Electronic monitoring of persons charged with or convicted of offenses involving schools or students** — Requires court to consider electronic monitoring & location restrictions as conditions of pretrial release, probation, or community control for persons charged with certain offenses against schools or students.

● **HB 331 / SB 624 Liens and bonds** — Revises liens & bonds laws, including provisions relating to when notices must be served; notarizing forms; alternative forms of security; direct contracts; computation of time; extent of certain liens; requirements for notice of commencement, notice of termination, & notice of contest of lien; transferring lien to security; service of documents; immunity to issuing authority; & release of liens; & authorizes attorney fees in certain actions.

● **HB 431 / SB 486 Solicitation of minors to commit lewd or lascivious act** — Prohibits person 24 years of age or older from soliciting person 16 or 17 years of age in writing to commit lewd or lascivious act.

● **HB 825 / SB 568 Assault or battery on hospital personnel** — Provides for reclassification of certain offenses committed against hospital personnel while engaged in performance of their duties.

● **HB 1047 Offenses against certain animals** — Prohibits offering or doing violence to police horse or police canine in certain circumstances; increases classification of specified criminal offenses committed against police canines, fire canines, SAR canines, or police horses.

● **HB 1263 Criminal sentencing** — Provides no points will be assessed for violations of community sanctions that are resolved under alternative sanctioning program; provides for resolution of low-risk violations of probation through alternative sanctioning program; corrects provisions

See LAWS, Page 4A



The American Kennel Club doesn't recognize "pit bull" as a specific breed. YOUNG-WILLIAMS ANIMAL CENTER

# Revision to 'Dangerous Dogs' law blocks most pit bull bans

**C. A. Bridges**
USA TODAY NETWORK – FLORIDA

As of Sunday, Oct. 1, an update to Florida's "Dangerous Dogs" law effectively prohibits local governments or public housing authorities from banning pit bulls.

It also prohibits any local ordinances or policies that declare a dog dangerous based on its breed, size or weight.

Gov. Ron DeSantis signed SB 942: Authorization of Restrictions Concerning Dogs, in June and it makes some changes to Florida's "Dangerous Dogs" law. It's one of 33 new laws that went into effect Sunday, including others allowing the death penalty for child rapists, adding restrictions to golf carts, increasing penalties for dealing

See DOGS, Page 8A

817.5695, F.S.
AMENDS 921.0022
EFFECTIVE Oct 1, 2023

PAGE 7

7A Fla. Pl. & Pr. Forms § 55:130

Florida Pleading and Practice Forms    May 2018 Update
Henry P. Trawick, Jr.

Decedents' Estates and Trusts

Chapter 55. Trusts and Trustees

VI. Discharge or Removal of Trustee

B. Removal of Trustee

1. Introduction

### § 55:130. Generally

Summary    Correlation Table

The settlor, a cotrustee, or a beneficiary may request the court to remove a trustee, or a trustee may be removed by the court on the court's own initiative. The court may remove a trustee if:[1]

(1) the trustee has committed a serious breach of trust;

(2) the lack of co-operation among cotrustees substantially impairs the administration of the trust;

(3) due to the unfitness, unwillingness, or persistent failure of the trustee to administer the trust effectively, the court determines that removal of the trustee best serves the interests of the beneficiaries; or

(4) there has been a substantial change of circumstances or removal is requested by all of the qualified beneficiaries, the court finds that removal of the trustee best serves the interests of all of the beneficiaries and is not inconsistent with a material purpose of the trust, and a suitable cotrustee or successor trustee is available.

Pending a final decision on a request to remove a trustee, or in lieu of or in addition to removing a trustee, the court may order such appropriate relief under § 736.1001(2). Fla. Stat. as may be necessary to protect the trust property or the interests of the beneficiaries.[2]

Under § 736.1001(2). Fla. Stat., the court may:

1. Compel the trustee to perform the trustee's duties;

2. Enjoin the trustee from committing a breach of trust;

3. Compel the trustee to redress a breach of trust by paying money or restoring property or by other means;

4. Order a trustee to account;

5. Appoint a special fiduciary to take possession of the trust property and administer the trust;

6. Suspend the trustee;

7. Remove the trustee;

8. Reduce or deny compensation to the trustee;



PAGE 8

§ 55:130.Generally, 7A Fla. Pl. & Pr. Forms § 55:130

9. Subject to § 736.1016, Fla. Stat. dealing with the protection of persons dealing with trustees, void an act of the trustee, impose a lien or a constructive trust on trust property, or trace trust property wrongfully disposed of and recover the property or its proceeds; or

10. Order any other appropriate relief.

A trustee who has resigned or been removed must, within a reasonable time, deliver the trust property within the trustee's possession to the co-trustee, successor trustee, or other person entitled to the property, subject to the right of the trustee to retain a reasonable reserve for the payment of debts, expenses, and taxes. This statutory requirement is in addition to and are not in derogation of the rights of a removed or resigning trustee under the common law.[3]

Unless a co-trustee remains in office or the court otherwise orders and until the trust property is delivered to a successor trustee or other person entitled to the property, a trustee who has resigned or been removed has the duties of a trustee and the powers necessary to protect the trust property.[4]

Westlaw © 2018 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

**Footnotes**

| | |
|---|---|
| 1 | § 736.0706(1), (2), Fla. Stat. |
| 2 | § 736.0706(3), Fla. Stat. |
| 3 | § 736.0707(2), Fla. Stat. |
| 4 | § 736.0707(1), Fla. Stat. |

End of Document © 2019 Thomson Reuters. No claim to original U.S. Government Works.



PAGE 9

```
2292075 OR: 2398 PG: 0284
RECORDED in OFFICIAL RECORDS of COLLIER COUNTY, FL
03/13/98 at 11:16AM DWIGHT E. BROCK, CLERK
                                    REC FEE    10.50
                                    INDEXING    2.00
```

PROJECT: County Barn Road
PARCEL: 519, 817, 819

Retn:
REAL PROPERTY
EXT 8991
INTER OFFICE

## AFFIDAVIT OF PARTNERSHIP

STATE OF _FLORIDA_
COUNTY OF _COLLIER_

BEFORE ME, the undersigned authority, personally appeared (name) _Samuel Hubschman_, (title) _General Partner_ of Highland Properties of Lee and Collier, Inc., a Florida corporation and general partner of Highland Properties of Lee and Collier, Limited f/k/a Hubschman Associates, Ltd., ("Affiant") who, being by me first duly sworn, deposes and says:

1. _Samuel Hubschman_ is a general partner of Highland Properties of Lee and Collier, Limited, a Florida partnership.

2. The partnership is currently in existence and has not been terminated or dissolved.

3. The following parties are all of the general partners of the partnership:

   _Samuel Hubschman_
   _Albert Hubschman_
   _Harrison Hubschman_
   _Teryl Brceski_

4. _Samuel Hubschman_ is authorized by the partnership agreement to execute interests in real property on behalf of the partnership, and all necessary consents have been obtained.

5. The partnership is not currently a debtor in a bankruptcy proceeding and this conveyance is in the ordinary course of business.

6. This affidavit is given to induce the issuance of a title policy insuring the contemplated transaction.

7. Affiant further states that he/she is familiar with the nature of an oath and with the penalties as provided by the laws of the State of Florida for falsely swearing to statements made in an instrument of this nature.

Affiant further certifies that he/she has fully read this affidavit and understands its contents.

Witness Signature
Print Name _DOUGLAS A. WOOD_

_Rachel C. Fishe_
Witness Signature
Print Name _RACHEL C. FRISHE_

AFFIANT

_Samuel Hubschman_
(Print Name of Affiant)

---

THIS PARTNERSHIP WAS CREATED ILLEGALLY TO DIVERT ASSETS OF PLAINTIFF BEVRENT

PAGE 10

*** OR: 2398 PG: 0285 ***

STATE OF __FLORIDA__
COUNTY OF __COLLIER__

Sworn to and subscribed before me this __11__ day of __AUGUST__, 19__97__ by (name) __SAMUEL HUBSCHMAN__, (title) __General Partner__, of Highland ~~Properties of Lee and Collier, Inc. a Florida corporation;~~ a General Partner to Highland Properties of Lee and Collier, Ltd., a Florida limited partnership f/k/a as Hubschman Associates, Ltd., who is personally known to me or who has produced _____ as identification and who did take an oath.

(affix notarial seal)

Signature of Notary
__DOUGLAS A. WOOD__
Print Name of Notary
Commission Number: _____
My Commission Expires: __7/1/2001__

CERTIFIED COPY


PAGE 11

~~liabilities of the sole proprietorship, and with _____ to receive 25% of the stock in exchange for cancellation of _____ a $25,000.00 Promissory Note.~~

6.

~~_____ was formed as a _____ corporation effective _____, _____, with _____ receiving 510 shares, _____'s wife, _____, receiving 240 shares, _____ received 250 shares of _____ in exchange for cancellation of the $25,000.00 Promissory Note. The corporation was further organized with _____, his wife, and _____ being named the Board of Directors, and with _____ being elected President, _____ being elected Vice-President, and _____ being elected Secretary-Treasurer.~~

7.

~~In addition to serving in his capacity as an officer and director of the corporation, _____ was also hired as service manager for _____.~~

8.

~~In August _____, _____, in his capacity as president of _____, terminated _____'s employment as service manager due to _____'s mismanagement of the service department, disruptive personnel practices and customer dissatisfaction.~~

9.

~~Immediately upon termination and in total disregard for his duties as an officer, director and shareholder of _____, _____ tortiously and intentionally enticed three of _____'s forklift technicians/mechanics to terminate their employment with _____ and to come to work for _____ in competition with _____. At the same time, _____ contacted various customers of _____ in an attempt to convince such~~

9) A several "REVOCABLE TRUSTS" WERE CREATED BY THE HUBSCHMAN AND BEYRENT FAMILIES AS ALL FOUR OF THE OWNERS FILED FOR DIVORCE IN OR ABOUT 1989 TO 1993; AND ASSETS WERE ILLEGALLY TRANSFERRED.

12

1. **INVOCATION AND PLEDGE OF ALLEGIANCE**

    1.A. Invocation by Rabbi Ammos Chorny of Beth Tikvah Synogogue

2. **AGENDA AND MINUTES**

    2.A. APPROVAL OF TODAY'S REGULAR, CONSENT AND SUMMARY AGENDA AS AMENDED (EX PARTE DISCLOSURE PROVIDED BY COMMISSION MEMBERS FOR CONSENT AGENDA.)

    2.B. May 11, 2021 BCC Meeting Minutes

3. **AWARDS AND RECOGNITIONS**

    3.A. EMPLOYEE

    3.B. ADVISORY BOARD MEMBERS

    3.C. RETIREES

    3.D. EMPLOYEE OF THE MONTH

4. **PROCLAMATIONS**

5. **PRESENTATIONS** *[handwritten: VACANT DAVIS BLVD PROPERTY]*

    5.A. Presentation of the Collier County Business of the Month for June 2021, to Pathways Early Education Center of Immokalee, Inc.

    5.B. Update on a vacant property located at 7450 Davis Boulevard. (Mike Ossorio, Director, Code Enforcement) (District 3)

    5.C. US Open Pickleball Championship Report (All Districts)

6. **PUBLIC PETITIONS** *[handwritten: PICKLE BALL]*

    6.A. *** This item was continued from the April 27, 2021 BCC meeting *** Public Petition request from Mr. John Harlem regarding use of artificial turf.

7. **PUBLIC COMMENTS ON GENERAL TOPICS NOT ON THE CURRENT OR FUTURE AGENDA**

8. **BOARD OF ZONING APPEALS**

9. **ADVERTISED PUBLIC HEARINGS**

*[handwritten:]* PLAINTIFF BEYRENT ONLY FOUND OUT THAT DEFENDANT WAS CLAIMING TO "OWN" THE FAMILY'S DYNASTY TRUST PROPERTY WHICH WAS ILLEGALLY CREATED WITHOUT PLAINTIFFS LEGAL CONSENT

*[PAGE 13]*

## SUMMARY OF FRAUDS.

BEYRENT HAD OFFER TO SELL TOLL BROS. THE MAGNOLIA POND PUD FOR $21 MILLION DOLLARS (RICHARD HENDERLONG) BUT TERY L HUBSCHMAN BRZESKI REFUSED TO SELL BUT SOLD IT FOR $9,500,000 AND GAVE "NOTHING" TO PLAINTIFF BEYRENT SAYING EVEN HIS MEAGER PROFIT WAS TO GO TO "OTHER TRUST PROPERTIES NEEDING "CASH" SHE KEPT ALL OF THE MONEY. HARRISON USED THE $20 MILLION HE STOLE FROM PLAINTIFF BEYRENT ON THEIR TAORMINA

WHEREFORE, PREMISES CONSIDERED, Plaintiff BEYRENT prays that summons PUD is issued against the Defendant, HUBSCHMANS TRUSTS, that the Defendant be cited to appear and answer herein, that on a final hearing hereof, Plaintiff have judgment entered against the Defendant in the amount of $38 MILLION in actual damages and in the amount of $10 MILLION in punitive damages, plus reasonable attorneys fees and all costs of Court incurred herein.

AND, Plaintiff, BEYRENT prays for such other general or special relief to which it may be entitled under the circumstances.

THIS, THE ___ DAY OF OCTOBER, 2023

Respectfully submitted,

_____

GARRETT F.X. BEYRENT


PAGE 14